| |
|---|
| **Matter of Marsh** |
| 2025 NY Slip Op 33752(U) |
| October 8, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2023-3125 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**ENTERED**

OCT 0 8 2023

DATA ENTRY DEPT
New York County Surrogate's Court

-------------------------------------------------------------------x

In the Matter of the Application of SUSAN M. LOUGHLIN
and PETER C. LANGE, as Presumptive Remainder
Beneficiaries under the ARTICLE FIRST Trust Created
Under Agreement Dated November 5, 1941 between

<u>DECISION</u>
File No.: 2023-3125

ISABEL STETTINIUS MARSH,

Deceased,

As Grantor and Isabel Stettinius Marsh and John B. Marsh
As Trustees, for Construction.

-------------------------------------------------------------------x

M E L L A, S.:

In this uncontested proceeding to construe an inter vivos trust (Trust) established by
Isabel Stettinius Marsh (Grantor), Petitioners, who are the adopted children of Grantor's
daughter, Judith Stettinius Marsh (Judith), seek 1) a determination that the term "issue" in the
Trust includes adopted children and that Petitioners are thus the remainder beneficiaries under
the Trust and 2) an order directing the Trustee to distribute the remainder of the Trust to
Petitioners in equal shares.

<u>Relevant Facts</u>

Grantor, who died in 1994, had three children: John Bigelow Marsh, Jr. (John), Isabel M.
Mundy (Isabel), and Judith. On November 5, 1941, Grantor established the Trust, for Judith's
lifetime benefit, naming herself and her husband, John B. Marsh, as Trustees. Under Article
FIRST of the Trust, the Trustees were required to apply the net Trust income for Judith's benefit
during her lifetime. Upon Judith's death, the Trustees were directed to pay the remainder of the
Trust to Judith's issue, per stirpes. If Judith died without issue, the Trust's remainder was to go to
Grantor's issue, per stirpes. After her husband died, Grantor resigned as sole surviving Trustee

[* 1]

and the nominated successor trustee renounced. Morgan Guaranty Trust Company of New York, now JPMorgan Chase, was appointed Successor Trustee by court order dated November 17, 1972, and is still serving as such today.

John died in 1993 and was survived by two children. Isabel died in 2012 and was survived by three children, as well as two children of her pre-deceased son. Judith died in 2020, and was survived by Petitioners, who were adopted by Judith and her husband in the 1950s when Petitioners were infants. Petitioners advise that since Judith's death, the Trustee has refused to distribute the remainder of the Trust to them as Judith's "issue" absent court direction identifying the appropriate remainder beneficiaries.

Discussion

When the Trust was created in 1941, the law in effect with respect to the inheritance rights of adoptees was Domestic Relations Law § 115 (L 1938, ch 606, § 1; amd, L 1940, ch 442, § 1). Section 115 stated that adoptive parents and adopted children "shall sustain toward each other the legal relation of parent and child and shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from each other." However, it also contained the following language, referred to as the precautionary addendum: "As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the [adoptive] parent dying without heirs, the [adopted] child is not deemed the child of the [adoptive] parent so as to defeat the rights of remaindermen." In sum, "[t]he precautionary addendum limits the right of the adopted child to inherit where, but for the adoption, a remainderman or remaindermen, if any, designated in the decedent's will would inherit. The provision applies where future estates may be cut off by an adoption" (*see Matter of Gardiner*, 113 AD2d 651, 658 [2d Dept 1985], *affd as modified* 69 NY2d 66 [1986]).

2

Absent special circumstances, the precautionary addendum applies to lifetime instruments executed before March 1, 1964 that were not subject to the grantor's power to revoke or amend on March 1, 1964 (*see* Domestic Relations Law § 117[3]; *Matter of Hirschman*, NYLJ, Aug. 11, 2011, at 26, col 4 [Sur Ct, NY County]; *Matter of Ludington*, NYLJ, June 3, 1991, at 29, col 1 [Sur Ct, NY County]). Petitioners implicitly acknowledge that the Trust falls within the universe of instruments possibly governed by the precautionary addendum.

Nevertheless, the precautionary addendum is narrowly applied (*see Matter of Gardiner*, 69 NY2d 66, 73 [1986]; *Levien v Johnson*, 2014 NY Slip Op 30995[U] [Sur Ct, NY County 2014]), and exceptions to its application abound (*see Matter of Gardiner*, 113 AD2d at 660-661 [summarizing caselaw]). Petitioners assert that an exception to the addendum is relevant here. Specifically, they correctly observe that the precautionary addendum is inapplicable where extrinsic evidence reveals that a testator or grantor intended for adopted children to inherit (*see e.g. Matter of Rockefeller*, 12 NY2d 124, 135 [1962]; *Matter of Upjohn*, 304 NY 366, 375 [1952]; *Matter of Detmer*, NYLJ, Nov. 2, 1994, at 34, col 5 [Sur Ct, Westchester County]). Petitioners offer extrinsic evidence sufficient to establish that Grantor intended for Petitioners to be the remainder beneficiaries of the Trust. For instance, they note that in her petition to settle her account as Trustee of the Trust filed in Supreme Court in July 1972, Grantor referred to them as "the sole issue now living of [Judith]," and listed them as parties interested in such accounting. In view of this evidence, the court concludes that the precautionary addendum does not apply, that Petitioners are "issue" under the terms of the Trust, and that Petitioners are therefore the remainder beneficiaries under the Trust.

Based upon the foregoing, the petition is granted in its entirety, and the Trustee is directed to distribute the remainder of the Trust to Petitioners in equal shares.

3

[* 3]

Settle decree.

The Clerk of the Court shall notify by email the counsel listed below.

Dated: October 8, 2025

_____
S U R R O G A T E

To:

Tzipora Zelmanowitz
TZelmanowitz@gss-law.com

Joanne Butler
jbutler@cl-law.com

4

[* 4]